ON REMAND FROM ALABAMA SUPREME COURT
TYSON, Judge.
On October 12, 1989, this cause was submitted on briefs, without oral argument. On November 17, 1989, this court unanimously affirmed this cause without opinion. The appellant’s counsel then, on December 1, 1989, filed an application for rehearing which, on December 29, 1989, was denied, again without opinion.
On January 11, 1990, the appellant’s counsel filed a petition for writ of certiorari in the Supreme Court of Alabama. The Supreme Court of Alabama, on May 7, 1990, 564 So.2d 102, remanded this cause to the Court of Criminal Appeals for further consideration in light of Harris v. Reed, 489 U.S. 255, 109 S.Ct. 1038, 103 L.Ed.2d 308 (1989).
*1050 Our original affirmance of this cause was because the sole issue sought to be presented on appeal was whether the State sufficiently proved robbery while armed with a pistol. We determined that, under the testimony presented at trial which came from two witnesses for the State and who positively identified this appellant in court, the State did clearly present a prima facie case.
Appellant was armed with a pistol on the night of November 7, 1988, when he came into the Pace Car Station on the Mobile Highway in Montgomery, Alabama. He pointed the pistol at the party on duty behind the cash register. This was corroborated by James Webster, who was also working there that night.
At the close of the two witnesses’ testimony, the State rested. The appellant then rested without presenting any testimony.
There was no motion for judgment of acquittal based on the evidence presented, nor was there a request for the affirmative charge at the close of all the evidence. Moreover, there was no motion for new trial challenging the State’s evidence in this record.
This court previously determined, and we hereby reaffirm, that the State sufficiently proved robbery while armed with a pistol. Therefore, the judgment which showed that the appellant was guilty of robbery in the first degree is upheld.
At a subsequent sentencing hearing, the court found that the appellant had two prior robbery convictions and one prior conviction for attempted murder. The appellant was then sentenced to life imprisonment without the possibility of parole as a habitual felony offender. All of the foregoing is hereby affirmed.
This cause is further affirmed based on procedural bar because there was no attempt in this record to preserve the issue of the sufficiency of the State’s case for appellate review.
This cause is affirmed both on the merits and under the rules with reference to a procedural bar (see Rule 20.2, A.R.Crim.P. Temp.), as being a matter which should have been raised in the trial court by appropriate motion or request for an appropriate charge.
For the foregoing reasons, this cause is due to be, and is hereby, affirmed.
AFFIRMED.
All the Judges concur.